FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 03 2013

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

P. S. PRODUCTS, INC.,　　　　　　　　　　　　　　　　　　　PLAINTIFFS
BILLY PENNINGTON, Individually

4:13-CV-197 BSM

v.　　　　　　　　　　　No. CV-2013-_____

THE B & F SYSTEM, INC.　　　　　　　　　　　　　　　　　　DEFENDANT

This case assigned to District Judge Miller
and to Magistrate Judge Young

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually, hereafter "Plaintiffs," by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against the Defendant, The B & F System, Inc., hereafter "Defendant," herein states:

### JURISDICTION AND VENUE

1.　　This Court retains jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2.　　Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

3.　　Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendant. Defendant has maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers. Defendant marketed its services and provided customer services to the state of Arkansas. *See* Ark. Code Ann. § 16-4-101 (1987);

1

Ultimatics, Inc. v. Minimatic, Inc., 715 F. Supp. 1448 (E.D. Ark. 1989); and Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786 (8th Cir. 2005).

4. Additionally, The Eastern District of California has personal jurisdiction of the Defendant because, among other things, Defendant is engaged in tortuous conduct within the state of Arkansas and in this District, including placing into commerce illegal copies of products that embody the Plaintiffs' patent via and inducing third-parties to infringe upon the Plaintiffs' patented products.

## PARTIES RELEVANT TO PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

5. This action is brought by P.S. Products, Inc., and its president, Mr. Billy Pennington, manufacturers of stun guns and other personal security devices, organized within the state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6. The Defendant is a manufacture and importer of goods from China and sells the goods as retail and wholesale nationwide. The Defendant is a company organized and existing in the state of Texas with business activities throughout the United States, on the World Wide Web and specifically in the state of Arkansas. The Defendant is located at 3920 South Walton Walker Blvd., Dallas, TX 75236.

## FACTS APPLICABLE TO CLAIMS IN PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT

7. The Plaintiffs specialize in the manufacture and distribution of stun guns, stun devices, gun cleaning kits, and other personal protection devices.

8. The Plaintiffs market and sale its patented products through trade specialty shows, sales associates, retail stores, catalogs and through internet distribution throughout the United States.

9. The Defendant is a manufacturer and importer of goods from China and sells the goods as retail and wholesale nationwide.

10. On October 20, 2009, United States Letters Patent No. US D602,663 S, were issued to the Plaintiffs for an invention for a gun cleaning case.

11. The Plaintiffs owed the patent No. US D602,663 S throughout the period of the Defendants infringing acts and still owns the patent.

12. The Plaintiffs' products are one of a kind.

13. The Plaintiffs' designs are its own intellectual property. No goods of this design existed prior to the Plaintiffs' designs and patents.

14. The Plaintiffs are the only holder of patents on products of this kind in the United States.

15. On information and belief the Plaintiffs learned that the Defendant is selling an illegal product that embodies the Plaintiffs' patent under product name and number, *Classic Safari Deluxe Gun Cleaning Kit in Bullet Shaped Case, SPGUNBLT.*

16. The Defendant has sold and continues to sell an illegal product that embodies the Plaintiffs' patents and contributes to third parties selling illegal copies of the Plaintiffs' patents on its websites.

17. 35 U.S.C. § 271 states in part,

> "(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

18. The Defendant's actions have violated 35 U.S.C. § 271.

19. The Defendant, intentionally, willfully, and wantonly violated 35 U.S.C. § 271.

20. The Defendant without authority placed in the stream of commerce and offered to sell, illegal products that embody the Plaintiffs' patented inventions, within the United States.

21. The Defendant without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, illegal products that embody the Plaintiffs' patented inventions, within the United States.

22. The Defendant has induced individuals and companies to infringe on the Plaintiffs' patented products.

23. The Plaintiff has suffered lost of reasonable royalties and loss of profits by the Defendant's actions.

24. The Defendant has infringed and is still infringing the Letters of Patents Nos. US US D602,663 S by selling the Stun Guns that embody the patented invention and the Defendants will continue to do so unless enjoined by this Court.

## COUNT I
## PATENT INFRINGEMENT

25. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 25 of the Plaintiffs' Complaint, inclusive.

26. The Plaintiffs are the owners of patent No. US D602,663 S.

27. Defendant directly infringed upon the rights of the Plaintiffs' patent No. US D602,663 S.

28. Defendant directly infringed on the Plaintiffs' patented stun gun No. US D602,663 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US US D602,663 S, on the website www.bnfusa.com which the Defendant own and operate.

29. Each such infringement by Defendant constitutes a separate and distinct act of infringement. Defendant's acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

30. As a direct and proximate cause of the infringement by Defendant, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendant's profits that may be proper under 35 U.S.C. § 289 in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT II
## PATENT INFRINGEMENT

31. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 31 of the Plaintiffs' Complaint, inclusive.

32. The Plaintiffs are the owners of patent No. US D602,663 S.

33. Defendant directly infringed upon the rights of the Plaintiffs' patent No. US D602,663 S.

34. Defendant directly infringed on the Plaintiffs' patented stun gun No. US D602,663 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US US D602,663 S, on the website www.sportsmansguide.com.

35. Each such infringement by Defendant constitutes a separate and distinct act of infringement. Defendant's acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

36. As a direct and proximate cause of the infringement by Defendant, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendant's profits that may be proper under 35 U.S.C. § 289

in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

## COUNT III
## PATENT INFRINGEMENT

37. Plaintiffs incorporate by reference each and every averment contained in paragraphs 1 through 37 of the Plaintiffs' Complaint, inclusive.

38. The Plaintiffs are the owners of patent No. US D602,663 S.

39. Defendant directly infringed upon the rights of the Plaintiffs' patent No. US D602,663 S.

40. Defendant directly infringed on the Plaintiffs' patented stun gun No. US D602,663 S by placing in the stream of commerce an illegal copy of the Plaintiffs' patented stun gun No. US US D602,663 S, in the catalog *The Sportsman's Guide Shooters*.

41. Each such infringement by Defendant constitutes a separate and distinct act of infringement. Defendant's acts of infringement are willful, in disregard of and with indifference to the rights of the Plaintiffs.

42. As a direct and proximate cause of the infringement by Defendant, the Plaintiffs are entitled to reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial, entitlement to the Defendant's profits that may be proper under 35 U.S.C. § 289 in amounts to be proven at trial, enhanced damages as may be proper under 35 U.S.C. § 284 and a reasonable attorney's fee pursuant to 35 U.S.C. § 285.

Therefore, the Plaintiffs demand:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendant, as follows:

A. Judgment against the Defendant declaring that the Defendant's actions directly infringe on the Plaintiffs' patents No. US D602,663 S;

B. Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C. Plaintiff's entitlement to the Defendant's profits with respect to each patent infringement in amounts to be proven at trial;

D. Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendant's willful infringement;

E. A declaration that the Plaintiffs' case against the Defendant is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

F. An award of costs and attorneys' fee to the Plaintiffs; and,

G. Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: April 3, 2013

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiffs
904 Garland Street
Little Rock, AR 72201
Phone: 501-353-1364
Fax: 501-353-1263
Email: arklaw@comcast.net